Case 7:23-mc-00152   Document 2   Filed on 10/20/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Chris Neuens, | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | MISC. CASE NO. 7:23-mc-152 |
| | § | |
| Joe Biden, President of the United States of America, | § § | |
|    Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Chris Neuens has sued for the removal and/or impeachment of President Joe Biden based on President Biden's failure to investigate Neuens's alleged wrongful termination from the United States Postal Service. (*See* Dkt. No. 1-1.) Neuens has also filed an application for leave to proceed *in forma pauperis*. (Dkt. No. 1.) Because Neuens seeks to bring this civil action without prepayment of the filing fee, the court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). After carefully considering the pleadings, the record, and the applicable law, the undersigned recommends that Neuens's complaint be dismissed as frivolous and/or for failure to state a claim and that the application for leave to proceed *in forma pauperis* be denied as moot.

1

## I. BACKGROUND

On September 20, 2023, Neuens filed a federal complaint naming President Biden as the defendant and alleging that: "On January 23, 2023[,] I sent a Letter to President Joe Biden in demand for an investigation into my Wrongful Termination on July 1, 2022[,] [fr]om the United States Postal Service located at 620 E Pecan Blvd McAllen Texas 78501." (Dkt. 1-1 at 4). As relief, Neuens does not seek monetary damages but instead appears to seek the removal and/or impeachment of President Biden based on President Biden's failure to investigate Neuens's termination:

> Plaintiff [is] entitled to have the President of the United States of America Removed from the all [sic] Responsibilities and Duties & Ability to make decisions of the United States Postal Service & The President of the United States of America to be impeached of all Presidential Duties of the White House and The United States of America Because The Presidents [sic] Actions/In-actions Caused my Family and I Extreme/Severe Psychological, Mental, Emotional & Physical Distress/Pain & Suffering. (Evictions, Homeless, Family & Kids loss of Financial Gain, Daily life Activities, Living in Hotel, Mental Hospitals & Centers. Monetary Compensation Relief $0.00 (Zero).

(*Id.* at 4–5). Attached to the complaint is the letter Neuens apparently sent to President Biden. (Dkt. 1-3).

## II. STANDARD OF REVIEW

As previously noted, because Neuens seeks to bring this civil action without prepayment of the filing fee, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2). In that regard, the court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory."

*Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). When considering whether the plaintiff has adequately stated a claim upon which relief can be granted, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers*, 709 F.3d at 407. Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

Generally, a court should give a plaintiff a chance to amend his complaint before dismissing the case. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."). If it is clear that the defects are incurable, however, leave to amend need not be given. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Bazrowx*, 136 F.3d at 1054 (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (cleaned up).

Finally, in reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke*, 490 U.S. at 327; *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking the jurisdiction of a federal court bears the burden of demonstrating that jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). If the court finds that it lacks subject matter jurisdiction over an action, it must dismiss the action. *Alexander v. Trump*, 753 F. App'x 201, 205 (5th Cir. 2018) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011)); *see also Sanders v. Boeing Co.*, No. 20-10882, 2021 WL 3412509, at *1 (5th Cir. Aug. 4, 2021) ("[Federal] Rule [of Civil Procedure] 12(h)(3) directs a court to dismiss a case if it 'determines at any time that it lacks subject-matter jurisdiction[.]'") (quoting Fed. R. Civ. P. 12(h)(3)).

Only Congress has the power to impeach and remove the President. *See* U.S. Const. art. I, § 2, cl. 5; U.S. Const. art. I, § 3, cl. 6; U.S. Const. art. II, § 4; U.S. Const., art. III, § 2, cl. 3. This court lacks jurisdiction to give Neuens the relief he seeks—that is, the removal of Joe Biden as President.

Further, "a lawsuit against an officer of the United States in his official capacity is considered a lawsuit against the United States." *Alexander*, 753 F. App'x at 205 (citing *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011)). "Because the United States is sovereign, it is generally immune from suit—and courts are without jurisdiction to hear a suit against the United States—unless it has waived its immunity." *Id.* (citing *Danos*, 652 F.3d at 581). "A waiver must be unequivocally expressed in statutory text and will not be implied." *Id.* (quoting *Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002)). Neuens has not met his burden of establishing that the United States has waived its sovereign immunity to be sued in this matter.

Accordingly, the undersigned finds that Neuens's complaint should be dismissed as frivolous and/or for failure to state a claim on which relief may be granted. *See, e.g., Greer v. Harmon Stores, Inc.*, C.A. No. H-8-cv-3510, 2009 WL 7804572, at *1 (S.D. Tex. June 3, 2009) (finding that dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) was warranted when plaintiff's complaint failed to state a claim over which the court could exercise subject matter jurisdiction); *Ellis v. U.S. Att'y Gen.*, No. 3-02-cv-1130-P, 2002 WL 31156684, at *1 (N.D. Tex. Sept. 24, 2002) (dismissing case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) when court lacked subject matter jurisdiction over plaintiff's claims); *Apelian v. U.S. Congress*, 494 F. Supp. 3d 1174, 1180 (D.N.M. 2020) (finding that the court did not have subject-matter jurisdiction over a lawsuit that wanted the court to order Congress to impeach President Trump and dismissing the case without prejudice).

The court further concludes that Neuens should not be given an opportunity to amend his pleadings because the circumstances that preclude relief cannot be cured by any amendment—in other words, any amendment would be futile because it is not possible for a private citizen to impeach the United States president by filing a lawsuit in federal court. In this instance, dismissal of this action without leave to amend is appropriate. *See Bazrowx*, 136 F.3d at 1054 (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (cleaned up).

## IV.  CONCLUSION

After careful review of the record and relevant law, the undersigned recommends that the plaintiff's action be **DISMISSED without prejudice** based on a lack of subject matter jurisdiction, and that the application to proceed *in forma pauperis* (Dkt. 1) be **DENIED as moot**.

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

**SIGNED** at McAllen, Texas, this 20th day of October 2023.

                                              Juan F. Alanis
                                    United States Magistrate Judge